# akerman

Lisa M. Coyle

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

D: 212 822 2230
DirF: 212 259 8515
lisa.coyle@akerman.com

September 8, 2021

*VIA ECF (FILED UNDER SEAL)*

Hon. John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Sire Spirits, LLC v. Mitchell Green*, 21-CV-7343 (JPC)

Dear Judge Cronan:

    We represent Petitioner Sire Spirits, LLC ("Sire Spirits"), and respectfully submit this letter in accordance with your September 3, 2021 Order. ***This case should not be sealed***, but Sire Spirits filed it under seal out of an abundance of caution because the parties' agreements may require it to do so pursuant to the provision that "[a]ll aspects of the arbitration process ... shall be confidential." Courts in this district, however, "have generally been ***loath to seal arbitration awards***."[1] In light of the common law right of public access to judicial documents, Your Honor should unseal this case.

## Factual Background

    Sire Spirits is in the business of creating, marketing, and selling wine and spirits, including luxury champagne under the Le Chemin du Roi brand and high-end cognac under the Branson brand. Respondent Mitchell Green is a former employee of Sire Spirits; serving as Sire Spirits' Director of Brand Management until his termination in February 2020. Mr. Green was employed by Sire Spirits pursuant to two one-year employment agreements, dated June 11, 2018 and June 5, 2019 (collectively, the "Employment Agreements"). *See* Petition Exs. A, B. Each Employment Agreement contains an arbitration clause that provides in relevant part: "All aspects of the arbitration process, including the demand for arbitration, the hearing, and the record of the proceeding, shall be confidential and shall not be open to or disclosed to any third party or the public." *Id.* Exs. A § 22, B § 22.

---

[1] *Istithmar World PJSC v. Amato*, No. 12 Civ. 7472(JFK), 2013 WL 66478, at *3 (S.D.N.Y. Jan. 7, 2013) (emphasis added) (collecting cases).

akerman.com

On August 25, 2021, the Arbitrator issued a Partial Final Award, finding Mr. Green liable to Sire Spirits for breach of contract, fraud, and multiple other torts and awarding Sire Spirits $3,462,695 in compensatory damages, while denying Mr. Green's counterclaims in their entirety. Sire Spirits now seeks to confirm the Partial Final Award. The Partial Final Award reiterates the language of the Employment Agreements and provides in relevant part: "The requirement of confidentiality, which was incorporated into the Scheduling Order in the case, applies to this Partial Final Award and to the Final Award which will be issued hereafter." *Id.* Ex. L at 1. ***This Court, however, is not a party to the Employment Agreements and is not bound by the agreements.***

## Legal Argument

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)); *see also Brown v. Maxwell*, 929 F.3d 41, 46-52 (2d Cir. 2019). This right arises from "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). "[I]t is well settled in this District that 'the petition, memoranda, and other supporting documents filed in connection with a petition to confirm an arbitration award (including the Final Award itself) are judicial documents that directly affect the Court's adjudication of that petition.'" *Clearwater Ins. Co. v. Granite State Ins. Co.*, No. 15-cv-165 (RJS), 2015 WL 500184, at *3 (S.D.N.Y. 2015) (quoting *Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, No. 12-cv-3274 (JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012)). Indeed, "Courts in this district have generally been loath to seal arbitration awards." *Istithmar*, 2013 WL 66478, at *3.[2] The Partial Final Award, and other documents from the underlying arbitration, are clearly judicial documents to which the presumption of public access applies; they directly affect this Court's adjudication of the Petition. As such, this case, including the Partial Final Award and other documents from the underlying arbitration, should not continue to be filed under seal.

And while the Employments Agreements may provide for confidentiality, ***"Courts in this District have held that the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access and have consistently refused to seal the record of a petition to confirm an arbitration award, notwithstanding the existence of such an agreement."*** *Aioi Nissay*, 2012 WL 3583176, at *6 (citation and quotation omitted) (emphasis added); *see also id.* ("while enforcement of contracts is undeniably an important role for a court, it does not constitute a 'higher value' that would outweigh

---

[2] *See, e.g., Century Indem. Co. v. AXA Belg.*, No. 11 Civ. 7263(JMF), 2012 WL 4354816, at *12-15 (S.D.N.Y. Sept. 24, 2012) (denied motions to seal); *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11-CV-3694 (LTS), 2011 WL 6015646 (S.D.N.Y. Nov. 30, 2011) (denied motion to seal).

the presumption of public access to judicial documents"); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents" (collecting cases)).[3] The mere existence of the confidentiality provisions covering the underlying arbitration is insufficient to overcome the First Amendment presumption of access to the Partial Final Award and other arbitration documents. At bottom, the confidentiality provision at-issue may be binding on the parties, but it is not binding upon this Court.

There are no interests favoring non-access, much less interests strong enough to outweigh those favoring access. Thus, this case should not be sealed.

## Conclusion

For the foregoing reasons, because the presumption of public access applies to judicial documents, and confidentiality agreements alone are not an adequate basis for sealing, this case should not continue to be filed under seal.

Respectfully submitted,

Lisa Coyle
Associate

The Clerk of Court is respectfully directed to unseal this case and all documents. Either party to this matter may request to file certain documents under seal or in redacted form in accordance with 4.A-B of the Court's Individual Rules and Procedures in Civil Cases.

SO ORDERED.

Date: September 8, 2021

New York, New York

JOHN P. CRONAN
United States District Judge

---

[3] *See, e.g.*, *First State Ins. Co. v. Nat'l Cas. Co.*, No. 13 Civ. 704(AJN), 2013 WL 8675930, at *1 (S.D.N.Y. Feb. 19, 2013) (denied motion to seal documents submitted in connection with a petition to confirm an arbitration award because "[t]he assertion that disclosure violates a separate confidentiality order is insufficient").