UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| SIRE SPIRITS, LLC, | : | Case No.: |
| Petitioner, | : |  |
| v. | : |  |
| MITCHELL GREEN, | : |  |
| Respondent. | : |  |

# SIRE SPIRITS' MEMORANDUM OF LAW IN SUPPORT OF ITS PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Sire Spirits, LLC ("Sire Spirits") respectfully submits this Memorandum of Law in support of its Petition to Confirm Arbitration Award (the "Petition") concerning the Partial Final Award, dated August 25, 2021, issued by Arbitrator Arthur D. Felsenfeld, on behalf of the American Arbitration Association ("AAA"), against Respondent Mitchell Green. After over a year of litigation, more than 50,000 documents produced, multiple motions, seven days of witness testimony, and over 100 pages of post-hearing briefing, Arbitrator Felsenfeld, a well-respected member of the bar, found Mr. Green liable to Sire Spirits for breach of contract, fraud and multiple other torts and awarded Sire Spirits $3,462,695 in compensatory damages, while denying Mr. Green's counterclaims in their entirety. A true and correct copy of the Partial Final Award is attached to the Petition as Exhibit L.

## FACTUAL BACKGROUND[1]

### The Parties and Employment Agreements

Sire Spirits is in the business of creating, marketing, and selling wine and spirits, including luxury champagne under the Le Chemin du Roi brand and high-end cognac under the Branson

---

[1] Sire Spirits respectfully refers the Court to the Partial Final Award (Petition Ex. L) for additional details of the parties' arbitration and its procedural history.

1

brand. Respondent Mitchell Green is a former employee of Sire Spirits; he served as Sire Spirits' Director of Brand Management until his termination in February 2020.

Mr. Green was employed by Sire Spirits pursuant to two one-year employment agreements, dated June 11, 2018 and June 5, 2019 (collectively, the "<u>Employment Agreements</u>"). Petition Exs. A, B. The Employment Agreements are substantively identical except for the dates. Each Employment Agreement contains an arbitration clause that provides:

> [A]ny legal or equitable claim or controversy arising out of or relating to this Agreement … shall be settled exclusively by binding arbitration in New York, New York … conducted in accordance with the Federal Arbitration Act and the National Rules for the Resolution of Employment Disputes of the American Arbitration Association[.]

*Id.* Exs. A § 22, B § 22.[2] Each Employment Agreement also contains a personal jurisdiction and venue clause providing that "any claim or cause of action in any legal proceeding initiated over any dispute arising out of or relating to this Agreement … shall be initiated in any federal or state court located within New York, and the parties further agree that venue for all such matters shall lie exclusively in those courts." *Id.* Exs. A § 23, B § 23.

**Sire Spirits' Claims**

Pursuant to the arbitration provisions in the Employment Agreements, on March 23, 2020, Sire Spirits filed a Demand for Arbitration against Mr. Green with the AAA. On May 26, 2020 Sire Spirits filed a more detailed Statement of Claim against Mr. Green, asserting claims for breach of contract, breach of fiduciary duty, fraud, unjust enrichment, and conversion and sought an accounting. On the same date, Mr. Green filed counterclaims against Sire Spirits[3] alleging breach

---

[2] The AAA's National Rules for the Resolution of Employment Disputes are now known as the Employment Arbitration Rules and Mediation Procedures. *See* Petition Ex. C at 10.
[3] Certain of Mr. Green's counterclaims were asserted against Sire Spirits' individual member as well as against its outside general counsel. Petition Ex. L at 3.

of contract, breach of the covenant of good faith and fair dealing, conversion, fraud, conspiracy, and unjust enrichment and sought an accounting. *See id.* ¶¶ 23-25, Ex. L at 2-3.

The AAA provided the parties with a list of ten potential arbitrators; each party struck certain arbitrators and ranked in order of preference the remaining arbitrators that they agreed were acceptable. The AAA thereafter appointed Arthur D. Felsenfeld, Esq. as Arbitrator after he was selected by both parties. There was no objection to his appointment as Arbitrator by either party. *Id.* ¶¶ 27-30, Exs. D, E.

Sire Spirits' claims were based on Mr. Green's illicit embezzlement of millions of dollars in "agency fees" from Sire Spirits through hidden and improper agreements with Sire Spirits' suppliers of champagne and cognac. These so-called "agency fees" were nothing more than a calculated scheme by Mr. Green to steal substantial sums and pocket millions of dollars from Sire Spirits.

Without Sire Spirits' knowledge, Mr. Green arranged for an "agency fee" to be added to the cost of every bottle of champagne or cognac Sire Spirits purchased from its suppliers. When Sire Spirits paid the purchase price to its suppliers, those suppliers funneled the excess purchase price—the exact amount of the "agency fee"— to Mr. Green and his co-conspirators. Thus, the prices Sire Spirits paid for its champagne and cognac were "substantially increased" (Petition Ex. L at 6), and Mr. Green and his co-conspirators were able to covertly pocket millions at Sire Spirits' expense. In February 2020, after over two years of embezzling from Sire Spirits, Mr. Green unexpectedly confessed his illegal activity to Sire Spirits; he admitted that he only confessed because another individual was purportedly extorting him and threatening to expose his illicit scheme to Sire Spirits. Shortly thereafter, Sire Spirits terminated Mr. Green's employment for cause due to his acceptance of "agency fees" and willful failure to disclose such fees, together with

3

his refusal to continue in the ongoing investigation of his scheme by Sire Spirits. *See id.* ¶¶ 13-21, Ex. L.

### The Hearing and the Partial Final Award

The parties participated in a seven-day arbitration hearing in April and May 2021. During the hearing, both parties offered fact and expert witnesses as well as voluminous exhibits. Petition ¶ 37, Ex. L at 4-5. Following the hearing, Arbitrator Felsenfeld issued a Partial Final Award, dated August 25, 2021. *Id.* Ex. L. The Partial Final Award fully determined the parties' liability and damages on all their claims and found Mr. Green's actions constituted a breach of contract, breach of fiduciary duty, fraud, and unjust enrichment and dismissed Mr. Green's counterclaims.

In particular, Arbitrator Felsenfeld found that due to Mr. Green's receipt of "agency fees" from Sire Spirits' suppliers "the cost of the product charged to Sire Spirits per bottle substantially increased," which "worked against Sire Spirits' interests" and "imposed a conflicting obligation" upon Mr. Green. *Id.* at 6. The Arbitrator thus found that Mr. Green's receipt of "agency fees" breached his Employment Agreements in several respects, and also constituted a breach of fiduciary duty, fraud, and unjust enrichment. *Id.* at 5-10.

Moreover, Arbitrator Felsenfeld held that Mr. Green's defense "that Sire Spirits knew or should have known that he was receiving the agency fees" was not supported by "[t]he weight of the evidence." As the Arbitrator noted, "even Green himself concluded that [Sire Spirits' individual member] must not have been aware that Green had been receiving agency fees." *Id.* at 8. Arbitrator Felsenfeld also decisively held that "Green's taking of millions of dollars of undisclosed commissions and other actions provided sufficient grounds for the termination of Green's employment for cause." *Id.* at 16.

4

In fact, the Arbitrator found that Mr. Green not only made "material omissions" by failing to disclose his receipt of agency fees, he took "affirmative steps … to conceal the fact that he was receiving such fees, thus demonstrating that the failure to disclose was intentional." Arbitrator Felsenfeld thus found Mr. Green liable in fraud, among other theories of liability. *Id.* at 9-10.

The Arbitrator awarded Sire Spirits a total of $3,462,695 in compensatory damages (including the "agency fees" taken by Mr. Green and Mr. Green's compensation and benefits), as well as attorneys' fees and expenses and interest on the "agency fees." Arbitrator Felsenfeld dismissed Mr. Green's counterclaims in full and with prejudice. *Id.* at 17-18. The award was "partial" because although it determined the liability and compensatory damages on all claims and counterclaims, it left open two discrete issues for further briefing: (1) the amount of attorneys' fees and expenses to which Sire Spirits is entitled as the prevailing party; and (2) the amount of interest to be added to the compensatory damages of "agency fees" awarded to Sire Spirits. *Id.*[4]

## ARGUMENT

**I.  The Court Should Confirm Arbitrator Felsenfeld's Partial Final Award**

The Federal Arbitration Act ("FAA") controls confirmation of the Partial Final Award. *Thomas James Assocs., Inc. v. Jameson*, 102 F.3d 60, 65 (2d Cir. 1996); *see also* Petition Exs. A § 22 (requiring the arbitration be "conducted in accordance with the Federal Arbitration Act"); *id.* Ex. B § 22 (same); *id.* Ex. F ("The arbitration shall be governed by the Federal Arbitration Act"). The FAA allows Sire Spirits to bring this action against Mr. Green to obtain a judgment to confirm the Partial Final Award issued by Arbitrator Felsenfeld. *See* 9 U.S.C. §§ 9, 13.

---

[4] "This Partial [F]inal Award is in full settlement of all claims and counterclaims submitted to this Arbitration, except for the determination of the amount of attorneys' fees and expenses, arbitration costs and interest on compensatory damages" which will be addressed in a future award. *Id.* Sire Spirits reserves the right to seek confirmation of such a future award.

5

"Under Section 9 of the FAA, review of an arbitral award by a district court is 'severely limited' so as not unduly to frustrate the goals of arbitration—namely to settle disputes efficiently and avoid long and expensive litigation." *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 25 F. Supp. 3d 486, 491 (S.D.N.Y. 2014) (citation and quotations omitted). "Indeed, judicial confirmation is ordinarily 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *Id.* (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)).

"It is well settled in the Second Circuit that a district court's review of an arbitration award under the FAA is extremely deferential." *Dzanoucakis v. Chase Manhattan Bank*, USA, No. 06-CV-5673 JFB/ARL, 2009 WL 910691, at *6 (E.D.N.Y. Mar. 31, 2009). As such, the FAA requires this Court to confirm the Partial Final Award unless Mr. Green can prove one of four limited exceptions (*none of which exist here*): (1) the award was procured by corruption, fraud, or undue means; (2) evident partiality or corruption in the arbitrator; (3) the arbitrator was guilty of refusing to postpone the hearing, refusing to hear pertinent evidence, or other misbehavior prejudicing a party; or (4) the arbitrator exceeded his powers "or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). The Second Circuit also allows vacatur for manifest disregard of the law, but only in "***exceedingly rare instances*** where some egregious impropriety on the part of the arbitrator is apparent." *Weiss v. Sallie Mae, Inc.*, 939 F.3d 105, 109 (2d Cir. 2019) (citations and quotations omitted) (emphasis added). There is no such basis to vacate Arbitrator Felsenfeld's detailed and well-reasoned opinion, which was reached after a lengthy hearing and extensive briefing.

Sire Spirits initiated the underlying arbitration against Mr. Green pursuant to valid contracts—Mr. Green's Employment Agreements—which each contained provisions to arbitrate.

Petition Exs. A, B. The parties jointly selected Arbitrator Felsenfeld as the arbitrator pursuant to a process prescribed by the American Arbitration Association, and neither party objected to his appointment. Petition Exs. D, E. After a year of arbitration, more than 50,000 documents produced, multiple motions, seven days of witness testimony, and over 100 pages of post-hearing briefing (Petition ¶¶ 38-39), Arbitrator Felsenfeld issued the 18-page Partial Final Award, which fully addressed both parties' claims and counterclaims (Petition Ex. L).[5]

That Arbitrator Felsenfeld will still decide Sire Spirits' request for attorneys' fees and expenses and interest on the "agency fees" need not delay confirmation of the merits-based Partial Final Award.

> Generally, to be "final" and "definite," an arbitration award must fully determine each issue so that no further proceedings are necessary to finalize the parties' obligations under the award. An exception to this principle of "finality," however, maintains that a partial award is final (and thus ripe for a petition to confirm) if it finally disposes of a separate, independent claim. This holds true even where the parties have not asked the arbitrator to decide a claim separately.

*Employers' Surplus Lines Ins. Co. v. Glob. Reinsurance Corp.-U.S. Branch*, No. 07 CIV. 2521 (HB), 2008 WL 337317, at *6 (S.D.N.Y. Feb. 6, 2008) (citation omitted); *see also Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007) (finding interim awards to be final and confirmable because they "require specific action and do not serve as a preparation or a basis for further decisions by the arbitrators").

Here, the Partial Final Award disposes of both parties' claims and counterclaims in full, including determining liability and awarding damages. The Arbitrator only left open the discrete

---

[5] While Arbitrator Felsenfeld's award is well-reasoned and finds support from both the record and case law, such level of detail is not required. *See Dzanoucakis*, 2009 WL 910691, at *6 ("'[T]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.'" (quoting *D.H. Blair*, 462 F.3d at 110)).

issues of the amount of attorneys' fees and interest to which Sire Spirits is entitled, which will not change or modify any part of the award already issued. Indeed, sister courts have previously found arbitration awards to be final despite a pending attorneys' fees application. *See, e.g.*, *Goldman v. Architectural Iron Co.*, No. 01 CIV 8875 DLC, 2001 WL 1705117, at *4 (S.D.N.Y. Jan. 15, 2001) (finding arbitrator's decision final where parties had agreed to bifurcate merits and attorneys' fees), *aff'd*, 306 F.3d 1214 (2d Cir. 2002); *Matter of Arb. Between Advest, Inc. & Asseoff*, No. 92 CIV. 2269 (KMW), 1993 WL 119690, at *6 (S.D.N.Y. Apr. 14, 1993) (confirming award which "is in full settlement of all claims submitted except for the request for attorneys' fees," as "the heart of the parties' dispute is the issue of petitioner's liability to respondents, which was resolved").

## II.  Sire Spirits Is Entitled To Its Attorneys' Fees And Costs Associated With This Petition

The Employment Agreements between Sire Spirits and Mr. Green provide that the prevailing party in any resulting legal proceeding is entitled to recover its attorneys' fees and costs:

> In the event that any suit, action or arbitration proceeding is instituted under or in relation to this Agreement, the prevailing party in such dispute shall be entitled to recover from the losing party all fees, costs and expenses of enforcing or defending any right of such prevailing party under or with respect to this Agreement, including without limitation, such reasonable fees and expenses of attorneys and accountants (which shall include, without limitation, all fees, costs and expenses of appeals).

Petition Exs. A § 21, B § 21.

Under New York law, "'when a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable.'" *Antidote Int'l Films, Inc. v. Bloomsbury Pub., PLC*, 496 F. Supp. 2d 362, 364 (S.D.N.Y. 2007) (quoting *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987)). And sister courts have awarded such fees and costs in the specific context of petitions to confirm arbitration awards. *See, e.g.*, *Burton Corp. v. Shanghai Viquest Precesion*

*Indus. Co., Ltd.*, No. 10 CIV. 3163 (DLC), 2010 WL 3024319, at *7 (S.D.N.Y. Aug. 3, 2010) (confirming award and awarding "reasonable attorney's fees and costs in connection with this action"); *Loeb v. Blue Star Jets, LLC*, No. 09 CIV. 7858 (SAS), 2009 WL 4906538, at *3 (S.D.N.Y. Dec. 17, 2009) ("this action to confirm the Award also arises from [respondent's] b[r]each of the Agreement and [petitioners] are entitled to attorneys' fees and costs incurred as a result of this petition"); *Matter of Arb. between Carina Int'l Shipping Corp. & Adam Mar. Corp.*, 961 F. Supp. 559, 569 (S.D.N.Y. 1997) (confirming award and "award[ing] all court costs and reasonable attorneys' fees").

Accordingly, should this Court confirm the Partial Final Award, Sire Spirits is entitled to its reasonable attorneys' fees and costs in connection with this action in addition to the monetary amounts awarded by the Arbitrator.[6]

## **CONCLUSION**

For the foregoing reasons, Petitioner Sire Spirits respectfully requests that the Court issue an Order confirming the Partial Final Award pursuant to section 9 of the FAA, 9 U.S.C. § 9; enter judgment thereon in the amount of $3,462,695 in favor of Sire Spirits and against Mr. Green pursuant to section 13 of the FAA, 9 U.S.C. § 13; award Sire Spirits its attorneys' fees, costs, and expenses associated with this action, as provided for in the Employment Agreements; and award Sire Spirits such other and further relief as this Court deems just and proper.

---

[6] Sire Spirits will submit a detailed request for attorneys' fees and costs and supporting materials at the Court's request.

Dated: August 30, 2021  
New York, New York

Respectfully submitted,

AKERMAN LLP

By: _____
Craig Weiner
Donald David
Lisa M. Coyle
Reena Jain
Alexander D. Newman
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
Tel.: (212) 880-3800
Craig.Weiner@Akerman.com
Donald.David@Akerman.com
Lisa.Coyle@Akerman.com
Reena.Jain@Akerman.com
Alexander.Newman@Akerman.com

*Attorneys for Petitioner Sire Spirits, LLC*