UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
SIRE SPIRITS, LLC, :
:
                Petitioner, :
: 21 Civ. 7343 (JPC)
    -v- :
: ORDER
:
MITCHELL GREEN, :
:
                Respondent. :
:
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On June 6, 2022, the Court granted Petitioner Sire Spirits, LLC's petition to confirm an arbitration award and denied Respondent Mitchell Green's petition to vacate that award. *See Sire Spirits, LLC v. Green*, No. 21 Civ. 7343 (JPC), 2022 WL 2003483 (S.D.N.Y. June 6, 2022). Based on the language in the relevant agreements between the parties, the Court awarded Sire Spirits its "reasonable attorneys' fees and costs incurred from this case, with the amount to be determined after additional briefing." *Id*. at *14. On June 21, 2022, Sire Spirits filed a motion seeking its attorneys' fees and costs, requesting $177,836.75 in fees and $798 in costs. Dkt. 46. Because the hourly rates billed and the number of hours worked by Sire Spirits's legal team were excessive given the needs of this case, the Court grants its motion with adjustments to both the requested hours and requested rates. The Court assumes familiarity with the factual background of this case as set forth in *Sire Spirits, LLC*, 2022 WL 2003484, at *1-5, and with the terms defined in that Opinion and Order.

When a prevailing party seeks attorneys' fees pursuant to a contractual provision,[1] "the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable." *Fleisig v. ED&F Man Cap. Mkts., Inc.*, No. 19 Civ. 8217 (DLC), 2021 WL 4459120, at *2 (S.D.N.Y. Sept. 29, 2021) (quoting *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1263 (2d Cir. 1987)). "Attorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Off. of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011).

Under the forum rule, courts generally use "the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Id.* (internal quotation marks omitted). Those hourly rates "are the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (internal quotation marks omitted). In conducting this analysis, courts "bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). Among the relevant case-specific variables is the complexity of the matter being handled. *See Lilly v. City of New York*, 934 F.3d 222, 231-32 (2d Cir. 2019). Moreover, "[t]he reasonable hourly rate is the rate a

---

[1] The Employment Agreements each stated that the "prevailing party" in "any suit, action or arbitration proceeding [] instituted under or in relation to this Agreement . . . shall be entitled to recover from the losing party all fees, costs and expenses of enforcing or defending any right of such prevailing party . . . including without limitation, such reasonable fees and expenses of attorneys and accountants (which shall include, without limitation, all fees, costs, and expenses of appeals)." Dkt. 18, Exh. C at ¶ 21, Exh. D. at ¶ 21.

2

paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 231 (alterations in original) (quoting *Arbor Hill*, 522 F.3d at 190).

Four attorneys from Akerman LLP litigated this petition for Sire Spirits, with support from a paralegal at the firm. Dkt. 46 ¶¶ 6-9. Craig Weiner, a partner at Akerman with extensive experience in significant litigations representing corporations, individuals, investment banks, private equity and hedge funds, and venture companies, spent 15.8 hours working on this matter and billed from $995 to $1,050 per hour. *Id.* ¶¶ 6, 12. Donald N. David, another partner with nearly fifty years of practice experience in "real estate, entertainment, estates, close corporations and partnerships, intellectual property, and financing disputes," spent 44.1 hours on this matter, billing from $975 to $995 per hour. *Id.* ¶¶ 7, 12. Reena Jain, a senior associate and 2013 graduate of Columbia Law School whose practice focuses on business, entertainment and media, and intellectual property litigation, spent 62.8 hours with billing rates from $745 to $765 per hour. *Id.* ¶¶ 8, 12. Alexander D. Newman, a mid-level associate and 2016 graduate of Benjamin N. Cardozo School of Law whose practice focuses on complex commercial litigation, worked 119.9 hours at billing rates from $690 to $710 per hour. *Id.* ¶¶ 9, 12. And Nelle Baysden, a litigation paralegal with over a decade of experience, worked 14.3 hours on this matter and billed from $300 to $310 per hour. *Id.* ¶¶ 10, 12. For both partners, these rates represented a significant discount from their standard rates. *Id.* ¶ 13. In addition to these discounted rates, Akerman provided a 10% discount to "almost all of its fees for the time expended in connection with this confirmation petition." *Id.* ¶ 14.

In seeking these fees, Sire Spirits contends that it is entitled to its counsel's customary litigation rates for a complex commercial litigation in New York, with the aforementioned

discounts. Dkt. 45 at 4-7; *see also Tessemae's LLC v. Atlantis Cap. LLC*, No. 18 Civ. 4902 (KHP), 2019 WL 2635956, at *4 (S.D.N.Y. June 27, 2019) ("Courts in this District have determined that hourly rates ranging from $250 to $1,260 per hour, for attorneys' work on a commercial litigation matter, were reasonable.") (collecting cases). But this was not a complex commercial litigation. It was a petition to confirm an arbitration. As the Second Circuit explained when affirming a district court's reduction of an attorney's requested hourly rate in light of the simple nature of the case, "[i]t was entirely appropriate for the district court to consider the complexity of a matter because a reasonable paying client would consider the complexity of his or her case when deciding whether an attorney's proposed hourly rate is fair, reasonable, and commensurate with the proposed action." *Lilly*, 934 F.3d at 231-32.

The undersigned finds particularly persuasive the court's analysis in *Major League Baseball Properties, Inc. v. Corporacion de Television y Microonda Rafa, S.A.*, No. 19 Civ. 8669 (MKV) (GWG), 2021 WL 56904 (S.D.N.Y. Jan. 7, 2021). There, in connection with a petition to confirm an arbitration award, the Honorable Gabriel W. Gorenstein awarded fees to the law firm Kobre & Kim in the amounts of $650 per hour for a founding partner (who sought $1,083.75 per hour), $500 per hour for another partner (who sought $845.75 per hour), and $300 for an associate (who sought $590.75 per hour). *Id.* at *3-4. In arriving at these figures, and given the absence of significant caselaw discussing reasonable fees in the context of petitions to confirm arbitration awards, Judge Gorenstein looked at fees awarded in breach of contract suits, which he considered to be normally more complex than confirmation petitions. *Id.* at *4. In such cases, Judge Gorenstein found that courts in this District have found partner hourly rates in the range of $350 to $650, and associate hourly rates in the range of $160 to $300, to be reasonable. *Id.* (collecting cases). Taking into account that *Major League Baseball Properties* was decided nearly two years

4

ago, and the cases it surveyed were decided up to seven years ago, *id.*, the Court awards in this matter hourly rates of $750 for Weiner and David, $450 for Jain, and $350 for Newman.

The Court also finds the amount billed for the time of Baysden, the paralegal, to be too high. Courts in this District often award paralegal rates in the range of $100 to $200 per hour. *See 1979 Fam. Tr. Licensor, LLC v. Darji*, No. 19 Civ. 4389 (VEC), 2020 WL 9596279, at *1 (S.D.N.Y. Sept. 30, 2020) ("Courts in this district typically approve paralegal hourly rates between $150 and $200."); *Williams v. Metro-N. R.R. Co.*, No. 17 Civ. 3847 (JGK) (KHP), 2018 WL 3370678, at *8 (S.D.N.Y. June 28, 2018) ("Courts in this district typically award paralegal rates in the range of $100-150 per hour."), *report and recommendation adopted by* 2018 WL 3368713 (S.D.N.Y. July 10, 2018). Taking into consideration her more than a decade of experience, the Court approves a fee of $200 per hour for Baysden's time worked on this matter.

Turning to the reasonableness of the hours billed, the Court considers "factors such as the time and labor required on the matter and the number of attorneys involved." *Tessemae's LLC*, 2019 WL 2635956, at *5 (citing *Arbor Hill*, 522 F.3d at 186 n.3, 190). Green argues that the 256.9 hours billed by Akerman were excessive because a confirmation of an arbitration award is a "streamlined process." Dkt. 47 at 9 (quoting *Bailey Shipping, Ltd. v. Am. Bureau of Shipping*, 431 F. Supp. 3d 359, 363-64 (S.D.N.Y. 2019)). To begin with, the invoice submitted by Akerman contains sufficient detail to permit the Court to examine the hours expended. But having closely reviewed that invoice, the Court agrees with Green that it was not reasonable for Akerman to have expended 256.9 total hours to litigate this case. *See* Dkt. 46, Exh. A at 10. Akerman billed roughly seventy-four hours preparing an initial petition and motion to seal, forty-three hours preparing a supplemental petition, and 140 hours responding to Green's petition to vacate and Green's opposition to Sire Spirits's petition to confirm. *See Id.* at 1-10. To be sure, Green's own petition

to vacate the arbitration certainly increased the amount of work required by both parties. *See, e.g.*, Dkt. 46, Exh. A at 7; *see also Rubenstein v. Advanced Equities, Inc.*, No. 13 Civ. 1502 (PGG), 2015 WL 585561, at *8 (S.D.N.Y. Feb. 10, 2015) (approving 391 hours for a confirmation and vacatur proceeding because "[w]hile a motion to confirm an arbitration award is ordinarily a relatively straightforward exercise, Petitioners' motion to vacate – which asserted numerous grounds for overturning the Award – necessitated review of the voluminous arbitration record, legal research, and preparation of papers" (internal citation omitted)). But independent of Green's petition, Akerman billed over 115 hours preparing an initial petition to confirm, a motion to seal, and an amended petition to confirm, as well as the papers supporting these applications. Dkt. 46, Exh. A at 1-5. By comparison, Judge Gorenstein determined in *Major League Baseball Properties* that courts in this District have found substantially less time reasonable for preparing papers in support of confirmation of an arbitration award. *See* 2021 WL 56904, at *6; *see also Rong De Invs. Ltd. v. GFS Invs. Inc.*, No. 17 Civ. 5941 (VSB), 2019 WL 5682894, at *2 (S.D.N.Y. Nov. 1, 2019) (finding it unreasonable that "attorneys spent more than twenty-seven hours preparing, filing, and serving" a petition to confirm an arbitration).

 Nor does the Court find reasonable the additional roughly 140 hours spent by Akerman in connection with further supporting Sire Spirits's petition and responding to Green's petition. Green's briefing in support of his petition and opposing Sire Spirits's petition laid out five legal arguments, spanning six pages: (1) the Court has the power to vacate the award, (2) the arbitrator manifestly disregarded governing law, (3) the arbitrator denied Green reasonable and necessary discovery, (4) the Court should allow post-arbitration discovery, and (5) Sire Spirits's petition to confirm should be denied. *See* Dkt. 36 at 10-15. Reviewing, researching, and responding to these arguments should not have reasonably required 140 hours.

The Court does not agree, however, with Green's argument that staffing four attorneys to this matter was excessive. *See* Dkt. 47 at 11. The allocation of work among Akerman attorneys appears to have been reasonable and done with an eye on responsible staffing, with 75% of the work performed by the two associates and nearly 50% of the work performed by the more junior associate. Dkt. 46 ¶¶ 6-10; *see also Rubenstein*, 2015 WL 585561, at *8 (approving hours billed in litigating motions to confirm and vacate an arbitration award when six attorneys worked on the matter and associates billed 80% of the hours). The Court therefore will not simply exclude the hours billed by one of the partners and one of the associates, as Green requests. Dkt. 47 at 11, 13. Instead, because the total hours billed were excessive, the Court will reduce Akerman's hours by 25%, which when assessed under the aforementioned reduced attorney and paralegal rates, results in total attorneys' fees of $88,507.50. *See Major League Baseball Props.*, 2021 WL 56904, at *6 (reducing hours billed by 25% due to excessive billing).

Lastly, the Court rejects Green's argument that it should consider the relative wealth of the parties in determining fees. As the Court stated in its prior Opinion and Order in this case, Green "identified no New York case law that requires consideration of a party's ability to pay when a contract contemplates the award of attorneys' fees to the prevailing party." *Sire Spirits, LLC*, 2022 WL 2003483, at *9. And the additional cases cited by Green in opposing Sire Spirits's motion for fees, *see* Dkt. 47 at 3-4, just like those previously cited in opposing confirmation, did not address an unambiguous and unqualified contractual provision entitling the prevailing party to fees, like the one at issue here. *See McGuire v. Vill. of Tarrytown*, No. 08 Civ. 2049 (KTD), 2011 WL 4347175, at *1 (S.D.N.Y. Sept. 14, 2011) (assessing fees under 42 U.S.C. § 1988); *Gordon v. McGinley*, No. 11 Civ. 1001 (RJS), 2013 WL 1455122, at *1 (S.D.N.Y. Mar. 28, 2013) (assessing fees under 17 U.S.C. § 505); *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 276 F.R.D. 105,

113 (S.D.N.Y. 2011) (awarding fees as a sanction to opposing party). But even if it were proper to consider Green's financial status, he has presented no evidence of that status for the Court to assess. *See* Dkt. 47 at 3-4.

The Court also approves as reasonable the $798 in costs for courier and filing services. *See* Dkt. 46 at ¶¶ 24-25. Thus, in total, the Court awards $89,305.50 in fees and costs for Sire Spirits. The Clerk of the Court is respectfully directed to close the case and to enter judgment.

SO ORDERED.

Dated: November 1, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge