UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
SIRE SPIRITS, LLC,                                                     :
                                                                       :
                              Petitioner,                              :
                                                                       :      21 Civ. 7343 (JPC)
          -v-                                                          :
                                                                       :      <u>ORDER</u>
                                                                       :
MITCHELL GREEN,                                                        :
                                                                       :
                              Respondent.                              :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    Respondent Mitchell Green moves, pursuant to Federal Rule of Civil Procedure 62(b), to stay execution of the Amended Final Judgment entered against him on November 4, 2022 at Docket Number 54.  Dkts. 62-64.  Petitioner Sire Spirits, LLC opposes the motion and seeks its attorneys' fees and costs in connection with its opposition pursuant to the Court's inherent powers and 28 U.S.C. § 1927.  Dkt. 67 at 4, 13.  Sire Spirits also moves to certify the Amended Final Judgment for registration in other Districts.  Dkt. 56.  Separately, Sire Spirits moves to compel Green to respond to an information subpoena and a subpoena *duces tecum* pursuant to Federal Rules of Civil Procedure 37, 45, and 69 and N.Y. C.P.L.R. sections 2308, 5223, 5224, and 5251. Dkt. 65 at 1.  Green opposes those motions.  Dkts. 56, 66.

    Because the Court does not waive the bond requirement under Federal Rule of Civil Procedure 62(b), it denies Green's motion to stay enforcement.  But because the Court does not determine that Green made his motion in bad faith, it does not award Sire Spirits its attorneys' fees and costs associated with opposing that motion.  The Court also finds that Sire Spirits has shown good cause to certify the judgment for registration in a foreign District, and authorizes such registration in the District of Connecticut.  Finally, because the Court has now denied the motion

for a stay on which Green based in part his opposition to Sire Spirits's motion to compel, the Court denies the motion to compel without prejudice and directs the parties to meet and confer regarding Sire Spirits's outstanding discovery requests. The Court assumes familiarity with the background of this case in resolving these motions.

## I. Green's Motion to Stay

Federal Rule of Civil Procedure 62(b)[1] states that "any time after judgment is entered, a party may obtain a stay by providing a bond or other security." As "other security" Green offers his "interest" in CCVUSA, LLC, which he states holds "substantial and valuable shares in Sire Champagnes, LLC." Dkt. 63 ("Motion") at 5. A district court may waive the bond requirement under Rule 62(b) and accept "other security" when the movant "provides an acceptable alternative means of securing the judgment." *In re Nassau Cnty. Strip Search Cases ("Nassau")*, 783 F.3d 414, 417 (2d Cir 2015) (internal quotation marks omitted). If the Court approves the security, the "party is entitled to a stay as a matter of right." *Georgiev*, 2021 WL 3159853, at *1. In assessing whether to waive the bond requirement and accept "other security," the Second Circuit has identified five non-exclusive factors for courts to consider. These factors are:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Nassau*, 783 F.3d at 417-18 (quoting *Dillon v. Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988)). These factors further the "primary purpose of Rule 62[(b)]: to ensure recovery for a party who ultimately prevails on appeal, and to protect the judgment debtor from the risk of losing the money

---

[1] "Rule 62(b) was formerly Rule 62(d)." *Georgiev v. Adsad, LLC*, No. 19 Civ. 122 (JPO), 2021 WL 3159853, at *1 n.1 (S.D.N.Y. June 21, 2021).

if the decision is reversed." *Id.* at 418. To that end, the factors "contemplate waiving the requirement of a *supersedeas* bond because a court is satisfied that the debtor would be able to pay the judgment with ease." *Butler v. Ross*, No. 16 Civ. 1282 (DLC), 2017 WL 6210843, at *3 (S.D.N.Y. Dec. 7, 2017). In other words, the purpose of the *Nassau* factors is not to allow a party who cannot satisfy a judgment to evade the bond requirement.

As to the first factor, Sire Spirits argues that collection efforts against Green would be "complex" because he is an "individual with extremely limited assets." Dkt. 67 at 9. While Green does not respond to this argument, there is insufficient information in the record for the Court to make a determination as to the complexity of collection. The first factor is therefore neutral.

Green's lack of other assets to satisfy a bond or money judgment, Dkt. 64 ¶ 5, is determinative as to the second, third, and fourth factors. Courts in this District have determined that such an inability to pay is determinative of at least these factors, and often to the entire inquiry. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 650 (S.D.N.Y. 2018) ("[A] concession of inability to pay is often determinative in this inquiry." (internal quotation marks omitted)); *Moore v. Navillus Tile, Inc.*, Nos. 14 Civ. 8326, 15 Civ. 8441 (CM), 2017 WL 4326537, at *2 (S.D.N.Y. Sept. 28, 2017) (explaining that a party's concession that it cannot pay a judgment or obtain a bond "is determinative as to factors two, three, and four").

Finally, the fifth factor "requires the debtor to show that their inability to pay other creditors would stem from the *bond itself*, not merely from the judgment," and "does not envisage waiving the bond requirement because the debtor simply cannot pay." *John Wiley & Sons*, 327 F. Supp. 3d at 650 (internal quotation marks omitted) (emphasis in original). Green has presented no evidence or argument that posting a bond would make him unable to pay other creditors, other than his claims that he generally has no money or assets outside of his interest in CCVUSA. Dkt. 64 ¶ 5. This factor too therefore weighs against Green.

Because none of the five *Nassau* factors weighs in Green's favor, and because all but one of them weigh against him, the Court denies Green's motion to waive the bond requirement and stay execution of the judgment against him.

### II. Sire Spirits's Request for Attorneys' Fees and Costs

Sire Spirts seeks its attorneys' fees and costs, incurred opposing Green's motion to stay, pursuant to 28 U.S.C. § 1927 and the Court's inherent powers. Dkt. 67 at 13. Under 28 U.S.C. § 1927, a court may impose sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." "[A]n award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Wood v. Brosse U.S.A., Inc.*, 149 F.R.D. 44, 49 (S.D.N.Y. 1993) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)); *see also Doe v. 239 Park Ave S. Assocs., LLC*, No. 21 Civ. 279 (JPC), 2022 WL 4592713, at *8 (S.D.N.Y. Sept. 30, 2022).

A court also has the "inherent power" to sanction "the offending party and his attorney when it determines a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997) (quoting *Sierra Club v. U.S. Army Corps of Eng'rs*, 776 F.2d 383, 390 (2d Cir. 1985)). Such inherent power to sanction "derives from the fact that courts are 'vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). "The Supreme Court has cautioned that because of the 'very potency' of a court's inherent power, it should be exercised 'with restraint and discretion.'" *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) (quoting *Chambers*, 501 U.S. at 44); *see also Doe*, 2022 WL 4592713, at *8.

4

To impose sanctions under either section 1927 or the court's inherent authority, a district court must find that "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co.*, 194 F.3d at 336; *accord Oliveri*, 803 F.2d at 1273 (explaining that there is no "meaningful difference" between the standards for imposing sanctions under section 1927 and a court's inherent authority). "A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). Even where the standard is met, "[t]he Court has discretion to decide whether to impose sanctions under 28 U.S.C. § 1927 and its inherent authority." *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 634 (S.D.N.Y. 2016), *aff'd*, 683 F App'x 33 (2d Cir. 2017); *see also Arclightz & Films Pvt. Ltd. v. Video Palace, Inc.*, No. 01 Civ. 10135 (SAS), 2003 WL 22434153, at *7 (S.D.N.Y. Oct. 24, 2003) (finding that "§ 1927 by its terms ('*may* be required') confides an award of fees against counsel to the Court's discretion'" (emphasis in original) (quoting *Zen Cont'l Co. v. Intercargo Ins. Co.*, 151 F. Supp. 2d 250, 265-66 (S.D.N.Y. 2001))). In exercising its discretion, the Court "must take into account the financial circumstances of the plaintiff." *Sassower v. Field*, 973 F.2d 75, 81 (2d Cir. 1992).

Although the Court has denied Green's motion for a stay, it does not determine that the motion was brought in bad faith. *See Doe*, 2022 WL 4592713, at *9 (declining to impose fees under section 1927 when the plaintiff's motion was "not sufficiently frivolous to justify an inference of bad faith"). Moreover, in this circumstance, the Court would not in its discretion grant sanctions. Therefore, the Court denies Sire Spirits's request for attorneys' fees and costs in opposing Green's motion for a stay.

5

### III. Sire Spirits's Motion to Certify the Judgment

Next, Sire Spirits moves to certify the Amended Final Judgment, Dkt. 54, for registration in other Districts pursuant to 28 U.S.C. § 1963. Dkt. 56. Section 1963 allows a party to register a judgment in a District other than the District in which it was entered "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963.

As Green has appealed the Amended Final Judgment, Dkt. 55, Sire Spirits may register that judgment only if ordered by the Court for good cause. "Good cause is established upon a mere showing that the party against whom the judgment has been entered has substantial property in the other foreign district and insufficient property in the rendering district to satisfy the judgment." *Latin Am. Music Co. v. Spanish Broad. Sys., Inc.*, No. 13 Civ. 1526 (RJS), 2021 WL 2333894, at *1 (S.D.N.Y. May 7, 2021) (quoting *HSH Nordbank AG N.Y. Branch v. Swerdlow*, No. 08 Civ. 6141 (DLC), 2010 WL 1957265, at *1 (S.D.N.Y. May 14, 2010)). "A judgment creditor need not provide exact evidence of the debtor's assets and good cause may be supported by a lesser showing." *Id.* (quoting *Ambac Assurance Corp. v. Adelanto Pub. Util. Auth.*, No. 09 Civ. 5087 (JFK), 2014 WL 2893306, at *4 (S.D.N.Y. June 26, 2014)).

In support of its motion, Sire Spirits presents a property record from the Town of Westport, Connecticut, showing Green's ownership of a house in that town. Dkt. 56, Exh. A. Green admits that he owns this house with his wife. Dkt. 59 at 2. Given that "mere property records" may suffice to show the ownership of assets in a foreign District under the good cause analysis, *Coudert v. Hokin*, No. 12 Civ. 110 (ALC), 2018 WL 4278332, at *3 (S.D.N.Y. July 30, 2018), the Court determines that this record suffices to show that Green possesses substantial assets in the District of Connecticut.

Sire Spirits further refers the Court to Green's own prior statements that he has "modest

financial means" and that his "finances have all but been depleted," in support of its claim that Green has insufficient property in this District to satisfy the judgment. Dkt. 56 at 2 (citing Dkt. 47 at 4). Green does not rebut this claim, and instead says only that his accounts have been frozen at Bank of America. Dkt. 59 at 2. Green does not argue that these accounts contain sufficient funds to satisfy the judgment. On the contrary, Green has represented to this Court that he has "no cash or other assets that could be used to satisfy a bond or the monetary judgment" other than his "interest in CCVUSA." Dkt. 64 ¶ 5. The Court determines that there has been a sufficient showing that Green possesses insufficient property in this District to satisfy the judgment. Therefore, the Court finds that good cause has been shown to register the Amended Final Judgment in the District of Connecticut, the District where Green's house is located.

### IV.  Sire Spirits's Motion to Compel

Finally, Sire Spirits moves to compel Green to comply with an information subpoena and a subpoena *duces tecum* served in accordance with N.Y. C.P.L.R. sections 5223 and 5224, which provide post-judgment discovery mechanisms to judgment creditors. Dkt. 65. Green opposes this motion largely on the grounds that the parties have not sufficiently met and conferred regarding these subpoenas and that the motion was premature given the pending motion for a stay. Dkt. 66 at 1-2. As the Court has now denied the motion for a stay, the parties are directed to meet and confer regarding these discovery requests to attempt to resolve all outstanding issues without Court intervention. Sire Spirits's motion to compel is therefore denied without prejudice.

### V.  Conclusion

For the reasons stated above, Green's motion to stay the execution of the judgment against him is denied. Sire Spirits LLC's request for attorneys' fees and costs in opposing that motion is denied, its motion to certify the Amended Final Judgment for foreign registration is granted to the extent Sire Spirits is authorized to register the Amended Final Judgment in the District of

Connecticut, and its motion to compel is denied without prejudice. The parties are directed to meet and confer in good faith regarding Sire Spirits's discovery requests. The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 56, 62, and 65 and issue a certified copy of the Amended Final Judgment for filing in the District of Connecticut.

    SO ORDERED.

Dated: February 3, 2023
       New York, New York

                                             _____
                                                 JOHN P. CRONAN
                                              United States District Judge